# United States District Court
## Central District of California

| | |
|---|---|
| WALTER LEE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No.: 2:17-cv-03040-ODW-FFM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [31] AND DISMISSING CASE** |

## I.　INTRODUCTION

On April 21, 2017, Plaintiff Walter Lee Williams ("Plaintiff") filed this action against the United States of America ("Defendant" or "United States") and eighteen named and unnamed individuals (collectively, "Individual Defendants") for various constitutional and common-law torts, as well as a single civil RICO conspiracy claim. (Compl. ¶¶ 22–40, ECF No. 1.)  On May 24, 2017, under Federal Rule of Civil Procedure 4(m), the Court ordered Plaintiff to serve the Complaint and Summons on each defendant no later than August 22, 2017.  (ECF No. 19.)  To date, the United States is the only defendant that has been served with the Complaint and Summons. (ECF No. 23–29.)

On November 11, 2017, the United States moved to dismiss Plaintiff's Complaint in its entirety, or, in the alternative, to quash service of process because the requisite filing fee was not paid. (Mot., ECF No. 31.) In his Opposition, Plaintiff submitted exhibits demonstrating that the requisite filing fee was paid. (Opp'n Exs. A, B; ECF No. 39.) In Reply, the United States retracted its argument that service of the Complaint should be quashed.[1] (Reply 1 n.2; ECF No. 40.) For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.[2]

## II. FACTUAL BACKGROUND

Plaintiff's claims arise from two separate incidents that occurred while he was incarcerated at the Metropolitan Detention Center in Los Angeles ("MDCLA"). The first occurred on October 7, 2013, when Plaintiff was attacked by a fellow inmate (the "October 2013 Attack"). (Compl. ¶ 71.) The second incident occurred on January 28, 2014, when Plaintiff slipped in a puddle of water in the halls of MDCLA and sustained serious injuries (the "January 2014 Slip and Fall"). (*Id*. ¶¶ 84–85.)

Regarding the October 2013 Attack, Plaintiff alleges that he was brutally attacked while in another inmate's cell and that certain defendants conspired to allow for the attack to occur. (*Id*. ¶¶ 71–73.) Plaintiff further alleges that certain defendants failed to provide Plaintiff with adequate medical care following the attack. (*Id*. ¶¶ 76–82.) Regarding the January 2014 Slip and Fall, Plaintiff contends that, after he fell, he did not receive adequate medical treatment for his serious injuries. (*Id*. ¶¶ 86–89, 94, 111–12.)

Plaintiff claims that these two incidents demonstrate the existence of a civil RICO enterprise conspiracy between a number of defendants to "willfully, maliciously, intentionally, and wantonly harass and injure Plaintiff." (*Id*. ¶¶ 330–37.)

---

[1] Because the United States retracted its arguments on this issue, the Court **DENIES** the United States' Motion to Quash Service.

[2] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On December 28, 2014, Plaintiff submitted a Standard Form 95 ("SF-95") to the Bureau of Prisons ("BOP"). (Verified Compl., Ex. 16, ECF No. 5.) In his SF-95, Plaintiff describes the January 2014 Slip and Fall, but makes no mention of the October 2013 Attack. (*Id.*) On June 25, 2015, the BOP rejected Plaintiff's administrative claim. (*Id.*, Ex. 17.) The BOP informed Plaintiff that if he was "not satisfied with this determination, [he was] afforded six months from the date of this letter . . . to bring suit in the appropriate United States District Court." (*Id.*) On August 6, 2015 Plaintiff requested an appeal of the BOP's denial of Plaintiff's administrative claim. (*Id.*) Plaintiff alleges that he never received a response to the administrative appeal. (Compl. ¶ 62.)

### III. LEGAL STANDARD

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court

need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

### A. United States' Motion to Dismiss

The United States argues that Plaintiff's claims should be dismissed for several reasons. First, the claims regarding the October 2013 Attack were not raised with the BOP during the administrative presentment process, and are therefore barred by the United States' sovereign immunity. (Mot. 4–6.) Second, the claims regarding the January 2014 Slip and Fall are barred because the plaintiff failed to file his complaint within the time limit mandated by the Federal Torts Claims Act ("FTCA"). (*Id*. at 6–7.) The Court will address each argument in turn.

#### 1. Sovereign Immunity Regarding the October 2013 Attack

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *see also Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015).

The FTCA provides a limited waiver of the United States' sovereign immunity with respect to certain common-law tort claims. 28 U.S.C. §§ 1346(b), 2679(a); *Duggard v. United States*, 835 F.3d 915, 918–19 (9th Cir. 2016). When the United States waives its sovereign immunity, it may impose conditions on that waiver and, when it does, those conditions "must be strictly observed." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981). One of the conditions for waiver under the FTCA is that a plaintiff must exhaust their administrative remedies before bringing suit. *McNeil v. United States*, 508 U.S. 106, 108 (1993). Any tort claim against the United States shall be "forever barred" if a plaintiff does not submit his or her administrative claim within two years of the claim accruing. 28 U.S.C. § 2401. A plaintiff's failure to

comply with either of these conditions denies the Court of jurisdiction, and, therefore, is grounds for dismissal under Federal Rules of Civil Procedure 12(b)(1). *McNeil*, 508 U.S. at 113.

Here, Plaintiff has yet to file an administrative claim with the BOP concerning the October 2013 Attack. While Plaintiff did file an administrative complaint with the BOP concerning the January 2014 Slip and Fall, that complaint did not include or refer to any events that took place during the October 2013 attack. (Verified Compl., Ex. 16, ECF No. 5.) In Plaintiff's opposition, he incorrectly equates notifying the BOP of "systemic efforts by BOP staff to ignore serious injuries to Plaintiff" with properly submitting an administrative claim, thereby putting the BOP on notice of the October 2013 Attack. (Opp'n 4.) In addition, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two year* after such claim accrues . . . ." 28 U.S.C. § 2401 (emphasis added). More than two years have accrued since the October 2013 Attack and Plaintiff has yet to submit an administrative claim regarding the incident. Plaintiff has failed to exhaust his administrative remedies. Therefore, the Court lacks jurisdiction. Because this defect cannot be cured through amendment, the Court **GRANTS** the United States' Motion to Dismiss with regard to the October 2013 Attack, without leave to amend. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2003).

**2. Statute of Limitations Regarding the January 2014 Slip and Fall**

The United States argues the Plaintiff's FTCA claims have all expired. A district court may dismiss claims if the running of the statute of limitations is apparent on the face of the complaint and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

"A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, or

notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401; *see also Long v. United States*, No. CIV. 05-6383-AA, 2006 WL 1142969, at *1 (D. Or. Apr. 25, 2006) ("The burden of proving that the agency actually received a request for reconsideration rests with the plaintiff."). If the claimant files a written request with the agency for reconsideration prior to the expiration of the six-month period provided in 28 U.S.C. § 2401, the claimant's statute of limitation "shall not accrue until 6 months after the filing of a request for reconsideration." 28 C.F.R. § 14.9(b); *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (noting that a timely administrative appeal "tolls the six-month limitation period until either the [agency] responds *or six more months pass*") (emphasis added).

The BOP denied Plaintiff's administrative claim on June 25, 2015. (Verified Compl., Ex. 17, ECF No. 5.) The Plaintiff sought reconsideration of that denial on August 6, 2015. (*Id.*) Accordingly, Plaintiff's option to file suit in district court accrued on February 6, 2016, "6 months after the filing of a request for reconsideration." 28 C.F.R. § 14.9(b). Plaintiff had six months from that date—until August 6, 2016—to file suit in district court. However, Plaintiff did not file suit until April 21, 2017, more than 250 days after the deadline to do so. Therefore, Plaintiff's claims against the United States regarding the January 2014 Slip and Fall, are barred as untimely and must be dismissed.

### a. *Equitable Tolling*

Plaintiff argues that the Court should apply equitable tolling principles to allow his claims to proceed. "Equitable tolling allows a plaintiff to prevent the statute of limitations from running during a particular period" if the plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Henson v. Fidelity Nat'l Fin. Co.*, No. 2:14-cv-01240-ODW (RZx), 2014 WL 1246222, at *5, (C.D. Cal. Mar. 21, 2014) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Ninth Circuit has previously held that "the threshold necessary to trigger equitable tolling . . . is very high, lest the

exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v.* Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). Additionally, equitable tolling is a rarity that only applies in "extraordinary circumstances." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Moreover, application of equitable tolling is only warranted where the defendant has "induced the plaintiff to delay filing until after the statute of limitations has run." *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1127 (9th Cir. 2008).

Plaintiff alleges that he pursued his administrative remedies with the BOP diligently. (Opp'n. 4.) However, as previously mentioned, the June 25, 2015 claim-denial letter plainly stated that Plaintiff was "afforded six months from the date of the mailing of th[e] letter . . . to bring suit in the appropriate United States District Court." (Verified Compl., Ex. 17, ECF No. 5.) From the date of the letter, June 25, 2015, to the date of filing suit, April 21, 2017, Plaintiff failed to pursue this matter in federal court, as advised.

Plaintiff further alleges that during the lapse in time from seeking his administrative appeal to the filing of the suit in district court he was transferred to five different facilities. (Opp'n 4.) Plaintiff states that he was unable to file suit due to his poor medical condition and lack of access to proper electronic typing equipment. (*Id*.) These facts, however, do not amount to "extraordinary circumstances." *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990) (holding that equitable tolling is not available for "garden variety claim[s] of excusable neglect"); *Pace*, 544 U.S. at 418 (holding that a related pending state claim did not constitute "extraordinary circumstances," that warranted equitable tolling for the plaintiffs federal claim); *cf. Viridian v. Holder*, 646 F.3d 1230, 1232 (9th Cir. 2011) (ruling that the fraudulent deceit by an immigration consultant can constitute an "extraordinary circumstance."). Plaintiff has also not alleged any facts that plausibly suggest that the United States' alleged actions induced Plaintiff to postpone filing this claim until the statute of limitations expired. Plaintiff's circumstances did not amount to an

"extraordinary circumstance," and, as such, equitable tolling does not apply in this case.

Moreover, "[w]hile we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration," the Court has never suggested that rules of civil procedure should be ignored simply because there is a pro se plaintiff. *McNeil*, 508 U.S. at 108 (internal citations omitted). As noted by the United States Supreme Court, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

For these reasons, the Court **GRANTS** the United States' Motion to Dismiss with regard to the January 2014 Slip and Fall.

## B. Failure to Serve Individual Defendants

On May 24, 2017, the Court advised Plaintiff that service of the Summons and Complaint must be accomplished on each named defendant within 90 days after the filing of the complaint. (ECF No. 19.) The Court extended the 90-day period to commence on May 22, 2017 and expire on August 22, 2017. (*Id.*) The Court warned that "failure to effect service by that date may result in the dismissal of the action without prejudice as to any unserved defendant(s) by reason of [P]laintiff's failure to prosecute . . . ." (*Id.*)

On September 20, 2017, proof of service of the Complaint as to Defendant United States of America was filed. (ECF No. 24.) To date, Plaintiff has not submitted proof of service as to the remaining Individual Defendants.

Federal Rule of Civil Procedure 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court provided

notice to Plaintiff of this requirement to serve Defendants by August 22, 2017, and Plaintiff failed to provide the Court with proof of service regarding the Individual Defendants. Accordingly, the Court **DISMISSES** the Individual Defendants **WITHOUT PREJUDICE**.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion to Dismiss (ECF No. 31). The Court **DISMISSES** the United States **WITH PREJUDICE** and **DISMISSES** the Individual Defendants **WITHOUT PREJUDICE.** The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

February 21, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**